UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL GRESHAM #272603,

        Plaintiff,                         Case No. 2:07-cv-241

v.                                                     Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff Michael Gresham, an inmate at the Alger Maximum Correctional Facility (LMF), has filed this § 1983 complaint against Defendants Michigan Department of Corrections (MDOC), MDOC Director Patricia Caruso, Hearing Officer Linda Maki, Assistant Resident Unit Supervisor Peggy Ann Carberry, Resident Unit Manager Unknown McBurney, Property Officer Debra Olger, Sergeant Unknown Arkins, Resident Unit Officer W. Peterson, Grievance Officer W. Trierwellier, Jane Doe Law Librarian, John Doe Business Office Manager, John Doe Inspector, Resident Unit Manager Harold L. Gilkey, Assistant Resident Unit Supervisor Aron Vroman, Assistant Deputy Warden Unknown Rutter, and Assistant Deputy Warden Daniel Lesatz.

Plaintiff alleges in his complaint that on October 9, 2007, Plaintiff was transferred to LMF by Defendant Gilkey, who is friends with Lieutenant J. Cannon. Plaintiff claims that Cannon assaulted him with chemical agents on September 9, 2007. Plaintiff claims that he was denied all legal and person property between October 9, 2007 and November 2, 2007, and that Defendants Olger and Arkins told him that his property would be destroyed. Plaintiff states that Defendants McBurney and Carberry also assisted staff in denying Plaintiff his property. Plaintiff states that Defendant Maki knew that Plaintiff needed his property, but declared it unallowable due process it being unorganized. Plaintiff claims that his property was disorganized because staff made it so during shakedowns.

On October 11, 2007, Defendant Olger attempted to have Plaintiff sign for property that he would never receive. Plaintiff refused to sign. Defendant Olger than wrote a false misconduct on Plaintiff, in which she claimed Plaintiff was not given the opportunity to sign.

Plaintiff alleges that he filed numerous grievances regarding denial of property and that Defendant Trierwellier failed to respond. Plaintiff also wrote letters of complaint to Defendants Rutter and Lesatz. Plaintiff claims that Corrections Officer Jones refused to give Plaintiff requested legal books. On November 15 and 16, 2007, Plaintiff requested photocopies from Defendant Jane Doe Law Librarian, which were denied. Plaintiff's original documents were never returned to him. On November 27, 2007, Defendant Carberry refused to pick up Plaintiff's legal mail and on November 28, 2007, Plaintiff received a major misconduct for unauthorized communication for trying to resolve his legal issues.

Plaintiff also filed motions to amend his complaint, which are actually motions to supplement the complaint (Docket #11, #15, #31 and #35), as well as numerous supplements to the complaint (Docket #7, #8, #9, #14, #16, #17, #18 and #19). In these documents, Plaintiff asserts that on December 6, 2007, Defendant Peterson and two other employees shook down his cell and stole legal documents, including an account statement that was to be sent to this court. In addition, Plaintiff claims that Defendant Peterson grabbed Plaintiff's buttocks while his co-worker twisted Plaintiff's right handcuff. Plaintiff also claims that he was denied treatment for his injuries and emotional trauma. Plaintiff complained about this incident to Defendants Carberry, McBurney and Lesatz, who failed to investigate or take corrective action. Plaintiff claims that on November 2, 2007, Defendant Maki came to Plaintiff's cell and removed all legal documents that indicated staff corruption and falsification of departmental documents in order to prevent Plaintiff from proving his claims. Plaintiff claims that he was also stripped and anally inspected by Defendant McBurney and other staff in order to harass him. Plaintiff states that Defendant Caruso failed to respond appropriately to his step III grievance appeals or to his other complaints and that Defendant Maki

conspired with Defendant Arkins to destroy Plaintiff's property and evidence of kites, grievances, as well as letters of sexual harassment from openly gay Defendant Vroman. In addition, Plaintiff alleges that Defendant Arkins participated in "alluded death threats" against Plaintiff. Plaintiff alleges that Defendant Jane Doe Law Librarian has continued to improperly deny Plaintiff's requests for books and that Defendant Carberry is denying Plaintiff writing paper and legal supplies, forcing him to use toilet paper. The undersigned will consider the allegations in the supplemental pleadings as part of the record in this case.

Plaintiff claims that Defendants violated his rights to access to the courts and to be free from retaliation. Plaintiff seeks damages and injunctive relief.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the undersigned notes that Plaintiff's claims regarding various major misconduct tickets he received from Defendants are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has held that a claim for equitable relief and monetary

damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). See also *Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v.*

*Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

(6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

As noted above, Plaintiff claims that Defendants violated his right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell,

or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

As noted above, Plaintiff claims that Defendants took various documents and interfered with his outgoing mail. However, Plaintiff fails to allege that Defendants' conduct resulted in actual injury to pending or contemplated litigation. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Therefore, Plaintiff's access to courts claims are properly dismissed.

Plaintiff also claims that Defendants' conduct was retaliatory. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted above, Plaintiff claims that Defendants engaged in a variety of misconduct against him. However, Plaintiff fails to allege any facts showing that these incidents were motivated by a desire to retaliate against him for engaging in protected conduct. Moreover, in the opinion of the undersigned, the above allegations do not constitute an adverse action that would deter a person

of ordinary firmness from engaging in protected conduct. Therefore, Plaintiff's retaliation claims are properly dismissed.

Finally, liberally construing the complaint, the undersigned notes that it appears Plaintiff is attempting to assert that Defendants' misconduct violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In the opinion of the undersigned, the various misconduct alleged by Plaintiff does not rise to the level of an Eighth Amendment violation.

Nor does Plaintiff's claim that Defendant Peterson "grabbed his buttocks or that Defendant Vroman sexually harassed him rise to the level of an Eighth Amendment violation. Although severe or repetitive sexual abuse certainly could qualify under this standard, a single incident of objectionable sexual touching does not meet the objective component of an Eighth Amendment claim. Numerous circuit court decisions, including unpublished opinions of the Sixth

Circuit, have held that such allegations are insufficient to state an Eighth Amendment claim. *See, e.g.*, *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, the conduct of Defendant Peterson and Defendant Vroman toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff alleges a one time incident in which Defendant Peterson grabbed his buttocks. Plaintiff does not allege that Defendant Vroman ever touched him or had form of physical contact with him. Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, Plaintiff's allegations against Defendants Peterson and Vroman fail to state an Eighth Amendment claim.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

In addition, the undersigned considered the allegations in plaintiff's motions to amend (Docket #11, #15, #31 and #35) as part of the pleadings in this case. Therefore, these motions should be granted. However, should the court adopt the report and recommendation in this case, the remainder of Plaintiff's motions (Docket #2, #3, #6, #10, #12, #13, #23, #24, #25, #27, #32 and #34) are properly denied as moot.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 18, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).